UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD J. VECE,<br>*Plaintiff*,<br><br>v.<br><br>MARTIN O'MALLEY, COMMISSIONER<br>OF SOCIAL SECURITY, U.S.A.,<br>*Defendant*. | No. 3:22-cv-1513 (VAB) |

**RULING AND ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS UNDER 42 U.S.C. § 406(b)**

Ivan N. Katz, the attorney for Plaintiff Ronald J. Vice, has moved for attorney's fees under § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) ("Section 406(b)"). Amd. Mot. for Att'y's Fees, ECF No. 40 (Nov. 13, 2024) ("Mot.").

The Acting Commissioner of Social Security Kilolo Kijakazi ("Defendant" or "Commissioner") "neither supports nor opposes counsel's request for attorney's fees in the amount of $148,375.35, under 42 U.S.C. § 406(b)," Resp. to Mot. for Att'y's Fees, ECF No. 41 at 1 (Nov. 26, 2024) ("Resp.").

For the following reasons, Plaintiff's motion is **GRANTED**.

Attorney's fees in the amount of **$148,375.35** are awarded under 18 U.S.C. § 406(b).

**I.      BACKGROUND**

On November 29, 2022, Mr. Vece filed a Complaint against the Commissioner seeking review of the Commissioner's final decision denying him disability insurance benefits under the Social Security Act. Compl., ECF No. 1 (Nov. 29, 2022).

1

On July 12, 2023, Mr. Vece moved to reverse the decision of the commissioner. Mot. to Reverse, ECF No. 26 (July 12, 2023).

On September 11, 2023, the Commissioner moved to reverse its own decision and remand the case back to the Social Security Administration for further proceedings. Mot. to Remand, ECF No. 27 (Sept. 11, 2023).

On March 29, 2024, the Court granted Mr. Vece's motion to reverse the decision of the Commissioner and granted the Commissioner's motion to remand insofar as the remand is limited to the calculation and payment of damages and not any further administrative proceedings. Order, ECF No. 31 (Mar. 29, 2024).

On June 27, 2024, Mr. Vece moved for an award of attorney's fees permitted under the Equal Access to Justice Act ("EAJA"). Mot. for EAJA Fees, ECF No. 33 (June 27, 2024).

On August 6, 2024, Mr. Vece and the Commissioner agreed and stipulated to the award of attorney's fees under the EAJA in the amount of $12,990.00. Stip. for EAJA Fees, ECF No. 37 (Aug. 6, 2024).

On August 7, 2024, the Court granted the motion for attorney's fees and awarded attorney's fees under the EAJA in the amount of $12,990.00 according to the stipulation and in full satisfaction of any and all claims under the EAJA, and an additional award of costs of $402.00 under 28 U.S.C. § 1920.

On November 7, 2024, Mr. Katz moved for attorney's fees under § 406(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). Mot. for 406(b)(1) Fees, ECF No. 39 (Nov. 7, 2024).

On November 13, 2024, Mr. Katz amended his motion for attorney's fees under § 406(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). Amd. Mot. for 406(b)(1) Fees, ECF

No. 40 (Nov. 13, 2024). The motion seeks fees in the amount of $148,375.35, out of the Plaintiff and Plaintiff's children's total award of $489,860.40 in retroactive benefits calculated by the Commissioner on remand. *Id*.

The motion also states: The undersigned is aware of his obligation to "refund" to the plaintiff the smaller of the fees awarded under this motion or the EAJA fees, and he will certify the said "refund" to the Court. *Id*. ¶ 17.

On November 26, 2024, the Commissioner filed a response to Mr. Katz's motion for attorney's fees under Section 406(b)(1), stating that the Commissioner "neither supports nor opposes counsel's request for attorney's fees in the amount of $148,375.35, under 42 U.S.C. § 406(b)," and leaving it in the discretion of the Court to decide if the request is reasonable. Comm'r's Resp., ECF No. 41 (Nov. 26, 2024).

II.    **STANDARD OF REVIEW**

Under Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), a payment of attorney's fees is available out of a plaintiff's award of past due benefits "[w]henever a court renders a judgment favorable to a claimant." 42 U.S.C. § 406(b)(1)(A).

"[T]he court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past due benefits." *Id*.

"[T]he district court may await conclusion of the remand proceedings to consider a § 406(b) attorney's fee application," *Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019); but counsel must file the motion for fees within fourteen days of the Commissioner's calculation of

3

past due benefits, *id*. at 88 ("Once counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed—there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing, just as it would apply to any other final or appealable judgment.").

Contingency-fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Within the 25 percent boundary Congress provided, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002) at 791 ("§ 406(b) calls for court review of such arrangements to assure that they yield reasonable results in particular cases."); *see also Torres v. Colvin*, No. 11 CIV. 5309 JGK, 2014 WL 909765, at *2 (S.D.N.Y. Mar. 6, 2014) ("Section 406(b) does not displace any contingent-fee arrangement between the claimant and attorney, but rather sets the ceiling for an award under any such agreement at twenty-five percent of the past-due benefits." (citing *Gisbrecht*, 535 U.S. at 792–93)).

"[A] court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). "The attorney 'must show that the fee sought is reasonable for the services rendered.'" *Begej v. Berryhill*, No. 3:14-cv-1284 (WIG), 2019 WL 2183105, at *1 (D. Conn. May 21, 2019) (quoting *Gisbrecht*, 535 U.S. at 807).

4

### III.     DISCUSSION

In making a determination of the reasonableness of a fee request brought under Section 406(b), a court considers the following factors:

"(1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of the time counsel spent on the case." *Sama v. Colvin*, No. 3:10-cv-01268 (VLB) (TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (quoting *Gisbrecht*, 535 U.S. at 808) (internal citation and quotation marks omitted).

A contingency fee arrangement encourages counsel "to take on cases that are less than sure winners" and so a "reduction in the agreed upon contingency amount should not be taken lightly." *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 235 (S.D.N.Y. 2007) (citations omitted). "[T]he district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells*, 907 F.2d at 371. Ultimately, "[t]his Court has broad discretion in determining whether the amount of time expended by a plaintiff's counsel was reasonable." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014).

Mr. Katz requests a fee of "of $148,375.35 be awarded to counsel, representing 25% of the total past-due benefit payable to the plaintiff and his children." Amd. Mot. for 406(b)(1) Fees ¶ 9. Mr. Katz also states that "[s]hould the Court grant the instant motion as requested, the undersigned will waive his right to charge and collect a fee under Section 206(a) of the Social Security Act for work performed at the agency level." *Id.* ¶ 10.

The Commissioner notes that "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is," reasonable and only requests that "the Court direct that Plaintiff's counsel reimburse Plaintiff any fees he previously received under the Equal Access Justice Act (EAJA), 28 U.S.C. § 2412, in its order resolving Plaintiff's fee petition." Comm'r's Resp. at 2.

The Court agrees with Mr. Katz.

Mr. Katz spent 232.50 hours representing Mr. Vece in five separate civil cases from March 2011 and June 2024, resulting in a *de facto* hourly rate of $638.17[1] ($148,375.35 divided by 232.50 hours), and secured a successful result for Mr. Vece by writing a compelling memorandum of law in support of the motion to reverse the Commissioner's decision which required shifting through a 2000 page plus record. Amd. Mot. for 406(b)(1) Fees at 5–7; Notice of Filing of Unofficial Rext-Searchable Copy of Certified Administrative Record, ECF No. 2023) (totaling 2186 pages); Order, ECF No. 31 (Mar. 29, 2024) (holding that the Court agreed with Mr. Vece that awarding him benefits was necessary).

There is nothing in this record suggesting that (1) Mr. Katz's requested fees of $148,375.35 are inappropriate, given the results achieved and the amount of work completed; (2) he delayed the proceedings for his own benefit, rather than that of his client; or (3) an hourly rate of $638.17 is an unnecessary windfall. The Court therefore finds that Mr. Katz's attorney fee request under Section 406(b) is reasonable. *See e.g.*, *Fields v. Kijakazi*, 24 F.4th 845, 855 & n.10 (2d Cir. 2022) (finding that a requested fee amount of $40,170.00 at an hourly rate of $1,556.98 was not unreasonable nor an unnecessary windfall given the attorneys' "efficient and

---

[1] By the Court's calculation this is the correct hourly rate, not the $638.18 figure provided by Mr. Katz.

6

effective representation, which drew upon [the attorneys'] substantial experience and expertise and was informed by the [attorneys'] representation of [the plaintiff] through years of agency proceedings," as well as the fact that the "rate here is not such an outlier") (citing various cases with reasonable hourly rates above $1000); *see also Jacqueline S. v. O'Malley*, No. 3:18-CV-1977(RAR), 2023 WL 8827777, at *1 (D. Conn. Dec. 21, 2023) (finding that a requested award of $33,182.50 and an hourly rate of $934.47 were reasonable when "there is no evidence of any undue delay or fraud on the part of plaintiff's counsel[,] [a]dditionally, the requested amount is equal to, but does not exceed 25% of the award of benefits[,] [and] [i]n evaluating the relevant factors regarding the reasonableness of the award, the Court finds that the requested fee would not constitute a windfall"); *Selmecki v. Saul*, Civil No. 3:16-cv-01775 (VLB), (D.Conn. June 22, 2020) (finding that a requested fee of $36,074.50 and hourly rate of $705 was reasonable due to a compelling motion, and an efficient handling of the case due to Attorney Katz's experience in handling social security cases).

Accordingly, and because the requested amount does not exceed 25% of Mr. Vece's past due benefits award, Mr. Katz's motion for fees under Section 406(b) will be granted.

IV.   **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Mr. Katz's motion for attorney's fees 18 U.S.C. § 406(b).

Attorney's fees in the amount of $148,375.35 are awarded under 18 U.S.C. § 406(b).

Upon receipt of the Section 406(b) award in this case, Attorney Katz must refund to Mr. Vece the $12,990.00 awarded as EAJA fees, and so certify to the Court and to the defendant Commissioner.

The Clerk of Court is respectfully directed to enter judgment accordingly.

**SO ORDERED** at New Haven, Connecticut, this 6th day of December, 2024.

                                                    /s/ Victor A. Bolden

                                                    Victor A. Bolden

                                                    United States District Judge